*303   F. Supp. 507*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 28 1969

PATRICIA D. WILT,
CLERK

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



IN RE "WEST OF THE ROCKIES" CONCRETE   )
PIPE ANTITRUST CASES                   )          DOCKET NO. 25

OPINION AND ORDER

————————————

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

————————————

PER CURIAM

On June 4, 1969 the majority of the defendants[1]

in the *State of Utah case* filed a motion with the Panel

to transfer that case from the District of Utah to the

Central District of California for assignment to Judge

Martin Pence[2] for coordinated or consolidated pretrial pro-

ceedings under 28 U.S.C. §1407.  After notice to all parties,

a hearing was held in Denver on July 25, 1969 and all parties

————————————

*     Judges Wisdom and Lord were unable to attend the hearing
in Denver, Colorado but with the consent of all parties repre-
sented at the hearing, they have participated in the decision
in this matter.

1/    Kaiser Steel Corporation, U.S. Industries, Inc., American
Pipe & Construction Co., Smith Scott Company, Inc., United Concrete
Pipe Corp., and United States Steel Corporation.
2/    Judge Pence is Chief Judge of the District of Hawaii and has
previously been assigned by the Chief Judge of the Ninth Circuit
to various districts within that circuit and all *West Coast Pipe
cases* filed within the Ninth Circuit have been assigned to him.

- 2 -

presented their arguments in support of, or in opposition to, the proposed transfer.

The moving defendants make a strong argument in support of their motion to transfer this case for coordinated or consolidated pretrial proceedings.  They first point out that the *West of the Rockies Pipe* litigation involves more than 100 actions and more than 350 plaintiffs.  These cases, originally filed in eight different district courts within the Ninth Circuit, have all been assigned to Judge Pence and he has actively supervised coordinated pretrial proceedings with the result that the earlier cases have now been settled.

We thought that this litigation was at an end[3/] but the actions listed on Schedule A were all filed within the past year.  With the exception of the *State of Utah case* these new cases will be automatically assigned to Judge Pence and their discovery will be coordinated by him. Judge Pence's familiarity with this litigation, the prior discovery and the problems relating thereto, is unequalled and we believe that the assignment of the *State of Utah* case to him will clearly serve the convenience of parties and witnesses and  will promote the just and efficient conduct

---

[3/]     See *In re Concrete Pipe cases,* 297 Fed. Supp. 1125 (Jud. Pan.Mult.Lit. 1968)

- 3 -

of these cases.[4/]

 Since Judge Martin Pence has been assigned to many districts within the Ninth Circuit, coordinated or consolidated pretrial proceedings in the *State of Utah case* could be achieved by transferring that case to any of those districts. We believe the Central District of California is the most appropriate transferee court because orginal criminal proceedings were held there, substantial discovery and document production has occurred there, the majority of the new cases were filed there and many of the corporate defendants have their principal place of business in the Los Angeles area.

 Transfer of this case for coordinated or consolidated pretrial proceedings is strongly opposed by the two local defendants - Utah Concrete Pipe Company and W. R. White Company.[5/]

[4/] The *State of Utah case* was brought as a class action on behalf of "all other states in the Western Area . . . which have not previously filed a similar action including the states of Wyoming, Nevada, and Idaho and (including) those public bodies and agencies of state and local governments in said states who are end users of pipe acquired from the defendants, co-conspirators and others." The plaintiffs readily concede that Judge Pence is best able to resolve the class action issue because of his personal knowledge of the individual and class actions already involved in this litigation.  Judge A. Sherman Christensen to whom the *State of Utah case* was originally assigned has deferred action on the class action request pending Panel decision on the instant motion and we believe that the resolution of the class action dispute can be best made by Judge Pence following transfer of this case to him. *Cf. In re Plumbing Fixture cases* 298 Fed. Supp. 484(Jud.Pan.Mult. Lit. 1968).
[5/] They do not oppose transfer of the action *provided that* the claims against them are severed and left in the District of Utah.  The plaintiff strongly opposes such a fragmentation of its case.

- 4 -

The basis for their opposition is the assertion that they have had minimal sales outside of the State of Utah and were not named in any other civil action or in any of the indictments.  They conclude that there can be no questions of fact common to their case and any of the other actions. This argument overlooks the fact that they and the other defendants are charged with participating in a combination and conspiracy to (1) submit collusive and rigged bids, (2) to allocate and divide orders and (3) to refrain from competing - not only within the State of Utah but within the *entire Western Area*.  The existence and nature of the alleged conspiracy and the part these two defendants played in it are *common questions* of paramount importance.

The local defendants also contend that the transfer of the claims against them to a distant forum would impose an unjustifiable financial burden on them.  We are satisfied that any additional burden will be offset by the savings from and convenience of coordinated or consolidated pretrial proceedings directed by the transferee judge.  *In re Antibiotic Drugs,* 295 F. Supp. 1402, 1404 (Jud. Pan. Mult. Lit. 1968).  The transferee court may of course exercise its discretion in scheduling pretrial proceedings in a manner which will protect the legitimate interests of all defendants in the apportionment of the cost of litigation.  *In re Concrete Pipe Litigation (East of the Rockies)* ____ F. Supp. _____ (Jud. Pan. Mult. Lit., May 23, 1969).

- 5 -

In sum, it is clear that the transfer of this case to
the Central District of California and its assignment to
Judge Martin Pence[6]/ for coordinated or consolidated pretrial
proceedings will serve the overall convenience of the parties
and witnesses in this litigation and will promote the just
and efficient conduct of these actions.

IT IS THEREFORE ORDERED that the *State of Utah* case
listed on Schedule A be and the same is hereby transferred to
the Central District of California and with the consent of
that court assigned to Judge Martin Pence.

---

[6]/   Judge Pence has expressed his willingness to accept
assignment of this case and the Central District of California
through its Chief Judge has consented to the assignment.   This
consent has been filed with the clerk of the Panel.

SCHEDULE A

DISTRICT OF UTAH

1.  State of Utah v. American Pipe &          Civil Action
       Construction Company, et al.           No. C-177-69

CENTRAL DISTRICT OF CALIFORNIA

2.  Hadley-Cherry, Inc. v. American Pipe      Civil Action
       & Construction Company, et al.         No. 69-907

3.  Volk-McLain Communities, Inc. v.          Civil Action
       American Pipe & Construction           No. 68-2058
       Company, et al.

4.  Crescenta Valley County Water             Civil Action
       District v. American Pipe &            No. 69-951
       Construction Company, et al.

5.  Sierra Western Corporation, et al.        Civil Action
       v. American Pipe & Construction        No. 69-1008
       Company, et al.

6.  Hurst Concrete Products, Inc. v.          Civil Action
       American Pipe and Construction         No. 68-1625
       Company, et al.

DISTRICT OF ARIZONA

7.  Maricopa County v. American Pipe &        Civil Action
       Construction Company, et al.           No. 69-149-Phx